448 So.2d 834 (1984)
STATE of Louisiana, Appellee,
v.
James H. BALDWIN, Appellant.
No. 16100-KA.
Court of Appeal of Louisiana, Second Circuit.
March 26, 1984.
*836 Edward L. Henderson, Grambling, for appellant.
William J. Guste, Jr., Atty. Gen., T.J. Adkins, Dist. Atty., Baton Rouge, Dan J. Grady, III, Asst. Dist. Atty., Ruston, for appellee.
Before MARVIN, SEXTON and NORRIS, JJ.
NORRIS, Judge.
Defendant, James H. Baldwin appeals a jury conviction of attempted second degree murder in violation of La.R.S. 14:27 and 30.1[1], respectively, and the resulting sentence of fifteen years at hard labor without benefit of probation, parole, or suspension of sentence. Finding no merit to the two assignments of error raised, we affirm.

FACTS
On February 1, 1983, the defendant and Leroy Mayfield were engaged in a game of pool at Cornell's Kitchen in Ruston, Louisiana, when an altercation occurred. The two men were separated and the defendant left the premises. A short time later, the defendant returned with a .12 gauge sawed off shotgun. Upon his entry into the establishment, he was grabbed from the rear by Mayfield who was unarmed and a struggle resulted over the possession of the gun. Ultimately, Mayfield was thrown or fell to the ground at which time the defendant regained control of the gun. While on the ground, Mayfield grabbed a metal folding chair which he placed between himself and the defendant in an area covering his chest. The defendant then fired one shot at Mayfield. The chair caused pellets fired from the gun to be deflected into Mayfield's chest.
Thereafter, defendant was charged by bill of information with attempted second degree murder, tried, convicted and sentenced.

ASSIGNMENTS OF ERROR
Defendant assigns the following errors:
(1) The court erred by overruling defendant's objection to questions by the State directed at defendant's past criminal record; and
(2) The court erred by imposing a sentence upon the defendant that was excessive, harsh and without necessity for purpose of rehabilitation of defendant.

ASSIGNMENT OF ERROR NO. 1
In connection with this assignment of error, defendant argues that it was error for the trial court to allow the state to *837 continuously question the defendant with regard to his past criminal record because the line of questioning directed to the defendant on cross examination was not relevant to any respect regarding the charge for which the defendant was being tried. Defendant argues that because the state had no "rap sheet" in its file at the time of trial that it did not intend at the outset to impeach this witness and that the true issue is whether or not the evidence introduced was relevant.
During the trial, the defendant took the stand on his own behalf attempting to establish the defense of an accidental shooting which occurred while the defendant was attempting to defend himself against Mayfield. The state's first question to the defendant on cross examination was:
Q. Mr. Baldwin have you ever been convicted of anything yourself?
A. Yes sir.
At this point, counsel for defendant stated that he wished to make an objection and the jury was removed. Thereafter, the defense related that it had filed a motion for discovery which the state had answered to the effect that it had no "rap sheet" on the defendant causing the defense to be unaware of any past convictions. Therefore, the defense objected to any questions regarding any convictions or the "rap sheet" since it was not made available by the state. The state responded that it had no "rap sheet" on the defendant and offered to allow the court to view the state's file to verify this fact. However, it was the state's position that it still had the right to ask the defendant about past convictions even in its absence. Defense counsel responded that he would agree that the state could perhaps ask the defendant about his past convictions but that if it tried to impeach his testimony through the use of a "rap sheet" or a certified copy of a conviction that the defense would object. The state then went on to ask the defendant about his past convictions and the defendant admitted to convictions for felony theft and simple battery.
La.R.S. 15:495 permits evidence of prior conviction of a crime to impeach the credibility of a witness. State v. Shelton, 377 So.2d 96 (La.1979). When an accused takes the stand in his own defense, evidence of a prior conviction is admissible for the purpose of impeaching his credibility. La.R.S. 15:495; State v. Finley, 341 So.2d 381 (La.1976); State v. Brent, 347 So.2d 1112 (La.1977). The questions propounded by the district attorney fully complied with this established rule of law and were proper relevant inquiries.
The failure of the state to obtain a rap sheet prior to such questioning is of no effect. La.C.Cr.P. Art. 717 provides that upon motion of the defendant, the court shall order the district attorney or the appropriate law enforcement agency to furnish to defendant a copy of any record of his criminal arrests and convictions that is in their possession or custody; accordingly, the defendant was entitled to a copy of any rap sheet or record of his criminal arrest and conviction in the possession of the state. See State v. Clement, 368 So.2d 1037 (La.1979). However, there is no duty on the part of the state to disclose information which it does not possess. State v. Alpine, 404 So.2d 213 (La.1981). Accordingly, exclusion of the evidence, a sanction of La.C.Cr.P. Art. 729.5 is not a sanction which is available where there is nothing [here, a rap sheet] to disclose.
Defendant's arguments in connection with this assignment of error lack merit.

ASSIGNMENT OF ERROR NO. 2
Defendant next argues that the court erred by imposing a sentence that was excessive, harsh and without necessity for purposes of rehabilitation.
Article I, § 20 of the Louisiana Constitution of 1974 prohibits the imposition by law of excessive punishment. Although a sentence is within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). In imposing sentence a trial judge must comply *838 with the mandatory requirements of La.C.Cr.P. Art. 894.1 and individualize the sentence by stating for the record the considerations taken into account and the factual bases therefor, [State v. Jones, 381 So.2d 416 (La.1980).] because sentencing guidelines of La.C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983); State v. Sepulvado, supra. However, Article 894.1 does not require that the trial judge set forth for the record all of the factors listed in the statute which were accorded weight by him in determining to impose a sentence of imprisonment. State v. Jacobs, 383 So.2d 342 (La.1980). Furthermore, when the trial judge uses a form listing the aggravating and mitigating circumstances of Article 894.1 and articulates some of the reasons contemplated by the statute for the sentence, the guidelines of the statute have been substantially met. State v. Lemons, 430 So.2d 150 (La.App. 2d Cir.1983). While a sentence may be vacated and a case remanded for re-sentencing when the reasons for an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record, a sentence should not be set aside as excessive in the absence of an abuse of the wide discretion accorded a trial judge in the imposition of sentences within statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983).
There is no need for a remand in this case. Contained within the record is a detailed written statement of the trial judge in which he meticulously lays out the factors and considerations taken into account in arriving at this particular sentence. Included among the factors considered were defendant's nine arrests without conviction, five misdemeanor convictions [all involving violent crimes against the person] and one prior felony conviction. Based upon the record in this proceeding and other information provided to the court, including the pre-sentence investigation, the trial judge found that there appeared to be an undue and significant risk that during the period of any possible suspended or probated sentence that the defendant would commit another crime; however, it was noted that under La.C.Cr.P. Arts. 893 and 893.1[2] that a suspended sentence was prohibited. It was further found that the defendant was in need of correctional treatment and custodial environment that could be provided most effectively by his commitment to an appropriate institution and that a lesser sentence would deprecate the seriousness of the crime. The trial judge concluded that the defendant's criminal conduct not only caused serious bodily harm to the immediate victim but threatened such harm to innocent bystanders all of which was contemplated by the defendant. It was finally concluded that the defendant has an obvious history of disregard for the law, particularly showing a tendency toward violence and that the defendant's criminal conduct was based on circumstances that are likely to recur. Based on the foregoing considerations and others not enumerated herein, the trial judge imposed the sentence of fifteen years at hard labor without benefit of parole, probation or suspension of sentence.
Our review of the record leads us to conclude that this sentence is commensurate with, rather than grossly disproportionate to, the severity of defendant's offense. The extended imprisonment is not needless and purposeless but is imposed to negate the defendant's opportunity to commit such crimes in the future. The sentence is adequately particularized to this *839 particular defendant in light of his particular crime. But for the location of a metal folding chair, the crime could well have been second degree murder rather than a mere attempt. Consequently, we find that the trial judge did not abuse his discretion, and the sentence is not excessive.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] La.R.S. 14:27 provides:

A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.
C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.
D. Whoever attempts to commit any crime shall be punished as follows:
(1) If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not more than fifty years;
* * * * * *
La.R.S. 14:30.1 provides:
Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simple robbery, even though he has no intent to kill or to inflict great bodily harm.
Whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
[2] La.C.Cr.P. 893.1 provides:

When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.