477 So.2d 893 (1985)
STATE of Louisiana
v.
Johnny R. SMITH.
No. KA-2893.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1985.
*894 Raymond A. McGuire, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Michael E. McMahon, Asst. Dist. Atty., Sherry T. Cochrane, Law Clerk, New Orleans, for appellee.
Before GARRISON, CIACCIO and LOBRANO, JJ.
CIACCIO, Judge.
Defendant, Johnny R. Smith was charged with the possession of a controlled dangerous substance, pentazocine, with the intent to distribute. La.R.S. 40:967. Following the district court's refusal to suppress the evidence, defendant withdrew his plea of not guilty and entered a guilty plea, reserving his rights to a Crosby appeal. State v. Crosby, 338 So.2d 584 (La., 1976). The defendant's guilty plea was accepted and he was sentenced to serve four years in the custody of the Department of Corrections, without benefit of probation, parole, or suspension of sentence.
The defendant appeals his conviction and sentence relying upon one assignment of error and we affirm.
On April 17, 1984 at approximately 1 p.m., the defendant, Johnny R. Smith, was involved in an automobile accident with Mario Welch on St. Charles Avenue near Erato Street in New Orleans. Following the accident Smith asked Welch not to summons the police to investigate the accident. Welch, who was driving his employer's truck at the time of the accident, insisted upon calling the police to investigate. While the pair were awaiting the arrival of the police, Smith told Welch that he was going to walk to a nearby local fast food establishment to get something to eat. At the time the police arrived to investigate *895 the accident, Smith was seen leaving the fast food establishment, proceeding on foot, away from the accident scene. He was thereafter apprehended, in the vicinity of Carondelet and Melpomene Streets, by one of the police officers and returned to the scene of the accident.
The facts surrounding the seizure of the contraband are in conflict.
According to Officer Anthony Ritter, Jr., the defendant was ticketed and arrested for operating a motor vehicle without a license, reckless operation of a motor vehicle and leaving the scene of the accident. He was thereafter advised of his rights and a search of his person occurred. The searching officer found one marijuana cigarette, seventy-nine "T's and Blues" (talwin and pyrobenzamine), plus two extras in the defendant's pockets. Thereafter the defendant and the contraband were transferred to the police station for processing.
The defendant, however, contends that all narcotics which were seized by the arresting officers were taken from his motor vehicle and not from his person.
Mario Welch testified that he saw one policeman enter the defendant's vehicle to secure its titles. He thereafter saw the officer exit the vehicle with citizen band radios and narcotics which had been removed from under the car seat. He also stated that he saw the defendant searched but he did not know what was found on his person. Welch admitted that during this time he was distracted as he was talking to one of the policemen on the scene.
The trial judge made the following statement regarding the evidence seized.
BY THE COURT:
Mr. Smith, we had a Motion to Suppress in this Court where you challenged the search of you and your automobile by the police officers. I denied that Motion to Suppress because I found that the search was valid of your person. Whatever happened in the car I suppressed. That was some C.B. radios, or whatever was found in the car. I don't even want to see them, but what they were found on you was good evidence and it was constitutionally seized. Understand that?
In his only assignment of error, the defendant contends that the trial judge erred in refusing to suppress the evidence in this case. He complains that the trial judge erred in his evaluation of credibility in that he believed the account of the incident given by Police Officer Ritter and rejected the defendant's account of the incident, as corroborated by Mario Welch. Accordingly, Smith asserts that the inference best supported by the evidence is that the contraband was seized from the vehicle and not from the defendant's person.
Since the defendant entered a Crosby plea, reserving his rights to contest only the findings on the hearing of the motion to suppress the evidence, the factual questions presented relate only to the validity of the search and seizure. State v. Crosby, supra.
The trial judge apparently found that contraband was seized from defendant's person and from his vehicle. She suppressed the evidence seized from the vehicle and allowed that seized from defendant's person. The resolution of this issue rested upon a credibility determination. The trier of fact is the arbiter of a witness' credibility. See: State v. Arnaud, 412 So.2d 1013 (La.,1982). The appellate courts may not assess the credibility of witnesses. State v. Matthews, 450 So.2d 644 (La., 1984). Our review of the record indicates that the trial judge did not err in believing the account of the facts as given by Officer Ritter (namely, that the contraband that formed the basis of this charge, was seized from defendant's person). We accord great weight to this finding. State v. Keller, 403 So.2d 693 (La., 1981) citing State v. Kent, 371 So.2d 1319 (La., 1979).
The United States and Louisiana Constitutions prohibit unreasonable searches and seizures. U.S. Const. Amend 4, La. Const. Art. 1 Sec. 5 (1974). Thus all searches without a valid warrant are unreasonable, unless shown to fall within one of the well delineated exceptions to the rule *896 that a search must rest upon a valid warrant. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).
A search incident to a lawful arrest is a recognized exception to the rule. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). In such cases, the arrest must rest upon probable cause. Ker v. California, supra. Probable cause is a substantive determination to be made by the trial judge, based upon the facts and circumstances of each case. State v. Nicholas, 397 So.2d 1308 (La., 1981). The trial judge's conclusions as to the existence of probable cause are entitled to great weight. State v. Drott, 412 So.2d 984 (La., 1982) citing State v. Nicholas, supra. The search, in such cases, shall be of the area within the defendant's control, that is, an area from which he can gain possession of weapons or act to destroy evidence. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), State v. Andrishok, 434 So.2d 389 (La., 1983).
In this case the arresting officers had been informed of the automobile accident in which Smith was involved and saw the physical damage incurred. They were also informed of his desire that the police not be called to the scene. The defendant, who had left the scene of the accident, ostensibly to secure something to eat, was seen by the police as he left the fast food restaurant proceeding on foot in a direction away from the accident scene. Upon apprehending Smith and in an attempt to investigate the accident, the policemen were advised that Smith did not have a driver's license. These facts are sufficient for a finding that probable cause existed for the arrest of the defendant. He was advised of his rights and a search of his person was conducted. It was during this search that the evidence of controlled dangerous substances (i.e., pentazocine) was seized. Since the arrest was founded upon probable cause and the search was one of an area within the immediate control of the defendant and the evidence seized was such as could have been easily destroyed by the defendant, we find the trial judge correctly concluded that this warrantless search and seizure complied with state and federal constitutional requirements. U.S. Const. Amend 4; La Const. Art. 1 Sec. 5 (1974).
For the reasons assigned, we find that the trial judge did not err in refusing to suppress this evidence. Accordingly, this assignment lacks merit.
The defendant's conviction and sentence are affirmed.
AFFIRMED.