NORRIS, Judge.
Clint D. Smith, age 23, was charged by bill of information with armed robbery, LSA-R.S. 14:64. Pursuant to plea negotiations between his appointed counsel and the state, Smith entered a plea of guilty, with an agreement that his sentencing exposure would be limited to between ten and 25 years at hard labor without benefit of probation, parole or suspension of sentence. The statutory sentencing range for armed robbery is between five and 99 years at hard labor without benefit. After receipt and review of a pre-sentence investigation, the sentencing judge sentenced *437 Smith to 20 years at hard labor without benefit of probation, parole or suspension of sentence.
Smith now appeals, urging the sentence was excessive for a first-time offender who was the less culpable of the two robbers involved. He also urges two “errors patent,” LSA-C.Cr.P. art. 920. For the reasons expressed, we affirm.
Ordinarily a claim of excessiveness is two-tiered, urging first noncompliance with the mandatory sentencing guidelines of LSA-C.Cr.P. art. 894.1. However, Smith has not advanced this argument; in fact, the sentencing judge’s compliance was adequate, given his preparation of the written form to complement his brief recitation of the factual basis. State v. Baldwin, 448 So.2d 834 (La.App.2d Cir.1984); State v. Griffin, 455 So.2d 681 (La.App.2d Cir.1984), writ denied 458 So.2d 128 (La.1984). Noncompliance is therefore not an issue in this case.
The second tier is constitutional exces-siveness, whereby a sentence may be deemed excessive if it is grossly out of proportion to the severity of the offense or amounts to nothing more than needless and purposeless imposition of pain and suffering. LSA-Const. art. 1, § 20; State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La.App.2d Cir.1983), writ denied 438 So.2d 1112 (La.1983).
The complaining witness, Mr. Henry, was a 70-year old gentleman who ran a general store in the Hurricane community of Claiborne Parish. After having come to the store twice already that day, ostensibly to buy and then to return a can of tobacco, two black men entered the store in the early afternoon. Smith and his accomplice, Larry Jackson, met Mr. Henry’s description of his assailants. Smith grabbed Mr. Henry from behind and, clutching him in an arm-lock, told Jackson to hit him. Jackson did so, striking him with a pistol or perhaps with a piece of pipe, leaving a gash in Mr. Henry’s head. Smith and Jackson then tied and gagged Mr. Henry with duct tape. They emptied his cash register, stole his wallet and took some cash from a cigar box. They then drove off in Smith’s car, which was eventually recovered in Gibs-land.
Larry Jackson’s mother turned him in the next day; about a week later Jackson gave a statement to the police, confessing to the crime and implicating Smith as the instigator of the scheme. Smith was apprehended in Shreveport two months later.
In sentencing Smith, the judge adverted to the premeditated nature of the offense and to the wanton brutality of the criminal transaction. He apparently felt that the degree of violence used by these two strong, healthy young men in their attack on a frail, elderly shopkeeper was unnecessary and merited imprisonment for a term in the upper end of the agreed sentencing range. Although the sentence is heavy, we are unable to detect any abuse of discretion in this sentencing choice. State v. Hammonds, 434 So.2d 452 (La.App.2d Cir.1983), writ denied 439 So.2d 1074 (La.1983); State v. Square, 433 So.2d 104 (La.1983).
Smith particularly urges his first felony offender status and his allegedly limited participation in the offense. Along with the cases cited in brief where sentences of less than 20 years were affirmed, we might add the equally numerous cases, such as State v. Thomas, 468 So.2d 592 (La.App.2d Cir.1985), writ denied 474 So.2d 1303 (La.1985), and State v. Gray, 434 So.2d 447 (La.App.2d Cir.1983), in which sentences of 20 years or more were affirmed for first felony offenders who had previously led crime-free lives. The wide diversity of sentences in reported cases reflects the uniqueness of each offense and each offender. Each case must be resolved on its own facts and circumstances. In the instant case Smith’s first felony status obviously persuaded the judge not to impose the maximum sentence of the agreement, in response to an offense that he considered heinous and deserving of a harsher sentence. R. p. 71.
Smith’s reliance on his allegedly limited participation in the offense is not persuasive. Although he did not wield the *438 weapon or deliver the blow, Smith drove the car to and from the scene, grabbed Mr. Henry from behind to facilitate Jackson’s blow, and assisted in binding and gagging Mr. Henry. The record even reflects that Jackson hit Mr. Henry on directions from Smith. R. p. 15. Smith certainly cannot claim innocence of this serious injury under these circumstances. Besides, his liability as a principal is clear beyond any doubt. See, e.g., State v. Antoine, 444 So.2d 334 (La.App. 1st Cir.1985); State v. Dominick, 354 So.2d 1316 (La.1978); State v. Clark, 352 So.2d 223 (La.1977). The sentence is not constitutionally excessive.
By his second assignment, Smith cites two additional circumstances which he characterizes as errors patent. He first points to some ambiguity in the proof of a dangerous weapon as undermining the validity of the conviction. When he entered his guilty plea, Smith denied ever seeing Jackson with a weapon. R. p. 62. The victim, Mr. Henry, could not see what he was hit with. R. p. 42. Jackson himself originally reported that he had used a piece of pipe, but later changed his story to a .22 caliber revolver. R. p. 49. Admittedly there is no precise evidence of the type of weapon used, but the victim’s substantial head injury suggests beyond any reasonable doubt that Jackson used a dangerous instrumentality, as even Smith conceded. R. p. 62. Under the circumstances the state need not prove the exact type of weapon used. See State v. Marshall, 479 So.2d 598 (La.App. 1st Cir.1985); see also State v. McMorris, 343 So.2d 1011 (La.1977). This argument does not present reversible error.
Smith next claims that the state’s treatment of his accomplice, Jackson, shows an unfair prosecutorial plan to use Jackson’s confession against Smith and ultimately to release Jackson with a lighter sentence. Smith is being imposed upon, he claims, because he is indigent, whereas Jackson has retained counsel who can secure him a more favorable plea bargain. Smith also accuses the prosecution of continuing Jackson’s case until his own sentence is made final. This claim is grounded entirely in matters outside the record. There is not a single contemporaneous objection to any prosecutorial act. LSA-C. Cr.P. art. 841. With neither an objection nor an evidentiary record in support of the claim, we have no basis for granting relief. The record is otherwise devoid of errors patent.
For these reasons, Smith’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.