ARMSTRONG, Judge.
Defendant, Donald R. Roebuck, was charged by bill of information with possession of marijuana, second offense, a violation of La.R.S. 40:966C. After a trial by jury defendant was found guilty charged and sentenced to serve eighteen months in parish prison; the sentence was suspended and defendant was placed on three years active probation with conditions. Defendant now appeals claiming the trial court erred in denying his motion to suppress the physical evidence seized from his person by police officers.
Defendant sets forth no argument but simply asks this court to review the testimony elicited at the motion hearing to determine if the seizure passes constitutional muster.
*574 At the motion to suppress hearing, Officer Lawrence Weathersby testified that on November 5, 1985, he was assigned to receive money and tickets for a middle school football game being held at an uptown ballpark. The defendant approached the gate, seeking entrance into the arena. Officer Weathersby informed him that the only adults allowed were teachers and parents of the school children.
The defendant left but returned shortly thereafter and rode his bicycle through the gate over to the seating area. Officer Weathersby walked over to him and told him he had to leave, whereupon the defendant replied, “f- you, I’ll go where I want to go.” Officer Weathersby informed the defendant that if he did not leave, he would be forced to place him under arrest. The defendant looked at him and walked away. But he then turned around and said he would “kick” Officer Weathersby’s “a...”
Officer Weathersby, fearing for his safety and that of the many children in the area, decided not to place the defendant in custody at that time, and instead, called for assistance over his radio. Officer Donald Harris, along with other officers, responded to the call for assistance. They had a description of the defendant and stopped him outside of the ballpark, away from the gate. Officer Harris informed the defendant that he was being stopped for investigatory purposes. Officer Weathersby, who was in sight of the officers, radioed them that the defendant had assaulted him, that is, he threatened to commit a battery upon him. The defendant was placed under arrest and searched for weapons and contraband before placed in the police unit. An envelope was seized from the defendant which was found to contain marijuana. The defendant was later booked with simple assault and possession of marijuana.
Officers Weathersby and Harris were the only witnesses to testify at the motion to suppress hearing. Based upon this evidence, the trial court denied the motion to suppress the evidence.
The defendant was searched by police without a search warrant. A search conducted by law enforcement officers without a warrant is per se unreasonable and in violation of the Fourth Amendment to the U.S. Constitution and La.Const. Art. 1, § 5, unless it is justified by one of the narrowly drawn exceptions to the warrant requirement. State v. Tatum, 466 So.2d 29 (La.1985); State v. Raheem, 464 So.2d 293 (La.1985); State v. Helwig, 489 So.2d 296 (La.App. 4th Cir.1986), writ denied, 495 So.2d 301 (La.1986).
One of the well-recognized exceptions to the warrant requirement is a search incidental to a lawful arrest. To fall within the exception the arrest must be based on probable cause. The incidental search must be limited to the area within the defendant’s immediate control. State v. Smith, 477 So.2d 893 (La.App. 4th Cir.1985).
Probable cause to arrest exists when the facts and circumstances known to the officer, and of which he has reasonably trustworthy information, are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. State v. Wilson, 467 So.2d 503 (La.1985), cert. denied 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985); State v. Roebuck, 530 So.2d 1242 (La.App. 4th Cir.1988), writs denied, 531 So.2d 764 (1988).
In the case at bar the defendant was arrested for simple assault, a violation of La.R.S. 14:38. La.R.S. 14:36 defines an assault as “an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery.” La.R.S. 14:33 defines battery in part as “the intentional use of force or violence upon the person of another ...” La.R.S. 14:38 defines simple assault as “an assault committed without a dangerous weapon.”
The elements of assault are:
(1) intent-to-scare (general intent),
(2) conduct by the defendant of the sort to arouse a reasonable apprehension of bodily harm in the victim, and
(3) the resulting apprehension on the part of the victim.
*575 State v. Blaise, 504 So.2d 1092 (La.App. 5th Cir.1987); State in the Interest of Tatom, 463 So.2d 35 (La.App. 5th Cir.1985).
In the case at bar the defendant cursed the police officer and responded to the officer’s order with a threat to “kick” his “a-.” It is apparent that the defendant intended to cause apprehension in the officer, and Officer Weathersby indicated that the threat caused him concern for his safety. After Officer Weathersby radioed for assistance and described the defendant, Officer Harris was justified in making an investigatory stop of the defendant under La.C. Cr.P. art. 215.1. Subsequently, Officer Weathersby confirmed that the person stopped was the defendant who had threatened him with bodily harm. Thus, Officer Harris had probable cause to arrest the defendant and conduct a search of defendant’s person, incidental to this lawful arrest. The trial court correctly denied defendant’s motion to suppress the marijuana seized from defendant.
For the foregoing reasons we affirm the conviction and sentence of the defendant.
AFFIRMED.