556 So.2d 256 (1990)
STATE of Louisiana, Appellee,
v.
William T. HARLAN, Appellant.
No. 21155-KA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 1990.
*257 Steven R. Thomas, Mansfield, for appellant.
William J. Guste, Jr., Atty. Gen., Don M. Burkett, Dist. Atty., Robert E. Burgess, Asst. Dist. Atty., Mansfield, for appellee.
Before FRED W. JONES, Jr., SEXTON and NORRIS, JJ.
NORRIS, Judge.
The appellant, William T. Harlan, was charged by separate bills of information with possession of marijuana (second offense), LSA-R.S. 40:966 C, and possession of drug paraphernalia, LSA-R.S. 40:1031. His motion to suppress evidence, alleging an illegal search and seizure, was denied. Pursuant to a plea bargain, he pled guilty to the first charge, reserving his right to appeal the ruling on the motion to suppress, pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The state dropped the paraphernalia charge. The district court then sentenced him to three years at hard labor. Harlan now appeals, contending by four assignments that the district court erred in denying the motion to suppress and in imposing an excessive sentence. For the reasons expressed, we affirm.

Facts
On June 1, 1988 Investigator Cobbs of the DeSoto Parish Sheriff's Office executed an affidavit for a search warrant, averring:
This agency received information from a confidential reliable informant * * * ["CRI"], that Harlan had in the residence approximately one pound of marijuana. This information was received by Investigator Cobbs and CRI stated that marijuana had been seen within the last 96 hours. This CRI has been known by affiant for several years and CRI has furnished information in the past that has been proven to be true and correct. CRI is familiar with marijuana and seen same on several occasions. (2 arrests made)
Another CRI stated that they have seen William T. Harlan distributing something in a small plastic bag. This was to have taken place at the game room which is located in the downtown Mansfield. * * *
Some concerned citizens have reported * * * a strong odor of what appears to be marijuana smoke coming from the residence of William Harlan.
The warrant issued on June 1 at 1:40 p.m. The record does not show when it was executed, but the materials seized were delivered to the Crime Lab in Shreveport on June 7 at 4:27 p.m. Seized were an ashtray, a metal clip, spoons and a jar, all found by the district judge to be drug paraphernalia. Also seized was a small quantity of vegetable matter and seeds, analyzed as 8.7 grams of marijuana.
Harlan's counsel filed a motion to suppress alleging that "no consent to search was ever obtained, and/or no search warrant, and * * * such evidence was illegally obtained[.]" He submitted the motion on brief, without attempting to present any *258 evidence. The district court denied the motion, noting that "no specific defects are complained of" in the affidavit or warrant. The court found the affidavit sufficient to support probable cause.
Before sentencing, the district court ordered a presentence investigation report ("PSI") which both the court and defense counsel examined. Harlan also submitted a letter for the court's consideration. In imposing the three-year hard labor sentence, the court handed down written reasons only.

Discussion: Motion to suppress
By this assignment Harlan contends the district court erred in denying his motion to suppress. He urges the affidavit was not sufficient to establish probable cause. As in the district court, the defense cites no particular defects or inaccuracies, but argues that CRIs are generally not reliable.
No warrant shall issue without probable cause supported by oath or affirmation. USCA-Const. Amend. 4; LSA-Const. Art. 1 § 5 (1974). A search warrant may issue only upon probable cause established to the satisfaction of a judge, by the affidavit of a credible person, reciting facts that establish the cause for issuance of the warrant. LSA-C.Cr.P. art. 162.
Probable cause exists when facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Poree, 406 So.2d 546 (La.1981). The facts essential to establishing probable cause must be contained in the affidavit. Art. 162; State v. Wood, 457 So.2d 206 (La.App. 2d Cir. 1984), and citations therein. The issuing judge's determination of probable cause is entitled to great deference on review. State v. Klar, 400 So.2d 610 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied 521 So.2d 1143 (La.1988). The reviewing court's function is primarily to assure that the issuing judge had a substantial basis for concluding that probable cause existed. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Brooks, 452 So.2d 149 (La. 1984).
The credibility of the CRI or the correctness of his information is not subject to attack on a motion to suppress. State v. Morstein, 404 So.2d 916 (La.1981). The affidavit is presumed valid. State v. Brannon, 414 So.2d 335 (La.1982); State v. Bailey, 452 So.2d 756 (La.App. 2d Cir. 1984), writ denied 456 So.2d 161 (La.1984). If the defendant seeks to attack the CRI's information, he must traverse the credibility of the affiant himself on a showing of a "genuine issue" supported by "convincing allegations," which if proven would establish the falsity of the affidavit. State v. Morstein, supra. In other words, the burden of proving the warrant defective rests with the defense. State v. Whorton, 440 So.2d 858 (La.App. 2d Cir.1983).
At the instant motion to suppress, the defense called no witness and offered no evidence at all. Instead, the defense in brief profiles CRIs as a class of "individuals * * * in severe distress as a result of ongoing criminal prosecutions against them, drug addicts in need of money, or otherwise people of limited resources in need of funds. To suggest that these individuals are reliable is farcical[.]" No evidence, however, traversed Investigator Cobbs's assertion that this particular CRI was familiar with marijuana, had seen it on several occasions and had provided information leading to two prior arrests. The defense's efforts here are considerably weaker than the inadequate showing in State v. Bailey, supra. The attempt to impeach the affiant with generalities, however trenchant, does not present reversible error.
An inspection of the affidavit in support of the warrant led us to consider another issue, not advanced by the defense, whether the CRI's information might have been stale when the warrant issued. The concept of probable cause includes a reasonable belief that the contraband or evidence will not have been disposed of but will remain at the place to be searched at *259 the time of the proposed search. See State v. Lewis, 385 So.2d 226 (La. 1980); State v. Thompson, 354 So.2d 513 (La.1978). Factors that might bear on the staleness of the information would include the length of time and amount of CDS involved; a small quantity, or a large amount held for resale, could be expected to disappear quickly.
The record contains no evidence to resolve this issue. The reliable information in the affidavit states only that the CRI saw one pound of marijuana in Harlan's trailer within 96 hours (four days) of June 1 at 1:40 p.m. This poses a potential problem of staleness. The defense, however, did not urge this as a defect and, from this record, we cannot supply any argument that would satisfactorily resolve the problem. The affidavit's other information, which was not supplied by proven reliable informants and not placed within any time frame, suggested that Harlan may have been distributing some kind of drug in a game room. The defense may have sought to excise the "unreliable" portions of the affidavit and offered evidence that Harlan could personally consume one pound of marijuana within four days' time; thus by the time the warrant issued, the evidence was likely gone. Similarly, the defense could have sought to incorporate the allegation of sales, arguing that one pound would surely have been sold and gone by the time this warrant issued. Either argument, or others, requires us to speculate as to facts far beyond the record.
What is clear is that the defense does not argue, and the record does not show, that either the officer or the issuing magistrate acted in bad faith in securing the warrant. United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); State v. Wood, supra. The issuing judge obviously assumed that all or part of the pound of marijuana would still be on the premises by June 1 at 1:40 p.m. The affidavit is not so lacking in indicia of probable cause as to render official belief in its existence unreasonable; and there is no allegation that Investigator Cobbs misled the issuing judge. None of the other Leon exceptions is applicable. So even if the affiant's information was stale (which, we repeat, the defense did not contend) and the issuing judge should not have issued the warrant, we find no bad faith. The district court did not err in refusing to suppress the results of the search.
In sum, there is no showing that the affiant's information was unreliable or that any potential staleness was due to bad faith. This assignment does not present reversible error.

Excessive Sentence
By his remaining assignments Harlan contends the district court erred in failing to apply the guidelines of LSA-C.Cr.P. art. 894.1 and in imposing an excessive sentence. He particularly urges that laws criminalizing the personal use of marijuana are unjust; that there was no victim of his crime; that a term of imprisonment would indeed work hardship by exposing him to discharge from a responsible job; and that imposition of 60% of the statutory maximum for possession of less than one-third of an ounce of marijuana is patently unfair.
Harlan's first argument addresses the alleged absurdity of penalizing the use of marijuana while alcohol is virtually uncontrolled. He "uses marijuana as a form of relaxation much the same way that others might use alcohol after a hard day of work." Br., 2. In a letter to the sentencing judge, Harlan stated it was unreasonable to incarcerate someone for an offense that occurs in the privacy of one's home and harms no one else. He also vowed to abstain from possessing marijuana until his efforts to obtain legalization might succeed. R.p. 25.
The Louisiana Supreme Court has already rejected the argument that the marijuana laws violate the constitutional right of privacy. In State v. Chrisman, 364 So.2d 906 (La.1978), the defendant relied on the right of privacy explicit in the state Constitution, LSA-Const. Art. 1 § 5 (1974), and implicit in the federal constitution, as explained in Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). The Supreme Court recognized each citizen's right of privacy, especially in *260 the privacy of his own home, but could not conclude that privacy was violated by a statute proscribing the possession of marijuana in one's own home. Such conduct was found not to be fundamental or "implicit in the concept of ordered liberty." The court also noted the conflict of scientific opinion as to the effects of marijuana use; absent a clear consensus, the legislature had a rational or reasonable basis for proscribing the substance in the interest of public health, safety and welfare. The court finally noted the almost unanimous jurisprudence upholding laws like R.S. 40:966 C. See, esp., NORML v. Guste, 380 F.Supp. 404 (E.D.La.1974), aff'd 511 F.2d 1400 (5th Cir. 1974), cert. denied 423 U.S. 867, 96 S.Ct. 129, 46 L.Ed.2d 96 (1975). Harlan's argument is substantially the same as that advanced in Chrisman and does not present reversible error.
The test of excessiveness is two-tiered. First the record must show the sentencing judge took cognizance of the criteria set forth in art. 894.1. The judge is not required to list every factor as long as the record shows he adequately considered them. State v. Smith, 433 So.2d 688 (La. 1983). Although the article requires the judge to "state for the record" the considerations, he may discharge this duty by filing written reasons that discuss the applicable factors. State v. Fergus, 418 So.2d 594 (La. 1982), cert. denied 459 U.S. 1106, 103 S.Ct. 730, 74 L.Ed.2d 954 (1983); State v. Baldwin, 448 So.2d 834 (La.App. 2d Cir. 1984). Even absent an item-by-item analysis, there is no need for remand if the record clearly shows an adequate factual basis. State v. Lanclos, 419 So.2d 475 (La.1982). The goal of art. 894.1 is not rote recitation of its provisions but the expression of a factual basis for the sentence. State v. Smith, supra; State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir. 1983), writ denied 439 So.2d 1074 (La.1983).
The second tier is constitutional excessiveness. A sentence violates LSA-Const. Art. 1 § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is grossly disproportionate if it shocks the sense of justice, considering the crime and punishment in light of the harm done to society. State v. Hogan, 480 So.2d 288 (La. 1985). The sentencing judge has wide discretion to impose a sentence within the statutory limits; such a sentence should not be set aside absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983). The benefit accruing from a plea bargain is a valid factor in reviewing a sentence for excessiveness. State v. Smack, 425 So.2d 737 (La.1983).
In its written reasons for sentence the district court reiterated the basic facts of the offense. The court then noted that Harlan was 34 years old, unmarried and had no dependents. He finished the eleventh grade and was a boilermaker and welder by trade. He owns his own trailer. He has one prior conviction, arising from a 1986 guilty plea to possession of marijuana, also in DeSoto Parish. For the prior offense Harlan drew a suspended sentence of five months and probation of one year. Though Harlan had completed the probationary term, the court felt it had failed, as Harlan was back in court on the same charge. The court cited Harlan's admission that he has smoked marijuana for 21 years, or since he was 13, as an indication that he would continue to possess it whenever he wished. The court noted the dismissed charge of possessing drug paraphernalia, and found that a lesser sentence would deprecate the seriousness of the offense. The court also proceeded through the art. 894.1 factors serially, with occasional elaboration.
This analysis of the statutory factors is not a model of art. 894.1 compliance. The main shortcoming, as the defense contends, is the refusal to give mitigating effect to Harlan's successful work history and his relatively law-abiding prior life (except, of course, for the CDS conviction). These points would work in Harlan's favor. Harlan also contests the court's refusal to view his conduct as a victimless crime. Admittedly, the court's discussion of these factors (art. 894.1 B(1), (2), (5) and (6)) was minimal, but we cannot agree that the conclusions *261 were wrong. There is the obvious potential self-harm, together with the risks that simple users engender by motivating and supporting the supply network. The court's other findings seem appropriate in that Harlan's long history of marijuana use and the ineffective probation show a distinct propensity to continue this conduct, despite belated promises to the contrary.
The totality of the evidence supports the court's finding that a prison sentence should be imposed. Harlan's prior conviction was pleaded down from possession with intent to distribute, a more serious offense. LSA-R.S. 40:966 A, B. In the instant case, the CRI reported seeing one pound of marijuana in Harlan's trailer about four days before deputies searched it and seized less than one ounce. To a discerning eye, this might also suggest an intent to distribute. Harlan has repeatedly expounded the belief that he should be able to possess marijuana; one might conclude that he would assist others who share his beliefs in the exercise of their "rights." The record supports a finding of continuous illegal conduct on Harlan's part. This illumines the sentencing choice, and the compliance with art. 894.1 was adequate.
On the question of excessiveness, we admit that three years at hard labor for possession (even second offense) of less than one-third of an ounce of marijuana gave us pause. This is twice the amount of time imposed in most reported cases, and the sentence is often suspended. See State v. Roebuck, 543 So.2d 573 (La.App. 4th Cir. 1989); State v. Moore, 490 So.2d 588 (La. App. 2d Cir.1986), writ denied 494 So.2d 1175 (La.1986); State v. Finklea, 313 So.2d 224 (La.1975). The statute, however, sets a maximum of five years with or without hard labor and a fine of $2,000. R.S. 40:966 D(2). The sentencing judge was obviously impressed by Harlan's attitude toward the crime, the duration of his conduct and the likelihood of repeated offenses. No fine was imposed, and there was some benefit from dismissal of the paraphernalia charge. R.S. 40:1031, 1035. This sentence is heavy and presses the outer limits of justice for this offense and this offender. Taking everything into account, however, we cannot say it is an impermissible sentence or an abuse of the sentencing judge's wide discretion. This assignment does not present reversible error.

CONCLUSION
We have also reviewed the record for errors patent and find none. LSA-C.Cr.P. art. 920(2). William T. Harlan's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.