STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1500

STATE OF LOUISIANA

VERSUS

CLEVELAND MAYES, JR.

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, DOCKET NO. CR-749-2006
HONORABLE STUART S. KAY, JR., DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and James T. Genovese, Judges.

AFFIRMED AND REMANDED
WITH INSTRUCTIONS.

G. Paul Marx
Louisiana Appellate Project
Post Office Box 82389
Lafayette, Louisiana 70598
(337) 237-2537
COUNSEL FOR DEFENDANT/APPELLANT:
    Cleveland Mayes, Jr.

David W. Burton
District Attorney - Thirty-sixth Judicial District
ADA James R. Lestage
Post Office Box 99
DeRidder, Louisiana 70634
(337) 463-5578
COUNSEL FOR APPELLEE:
    State of Louisiana

**GENOVESE, Judge.**

On August 30, 2006, the Defendant, Cleveland Mayes, Jr., was charged by bill of information with possession of marijuana in violation of La.R.S. 40:966(E)(2), second offense. Thereafter, on September 19, 2006, the Defendant pled guilty to said offense. On September 24, 2007, the Defendant was sentenced to 48 months at hard labor, with the first 24 months suspended, and with credit for time served. Subsequently, on October 24, 2007, the Defendant filed a motion to reconsider sentence, which was denied by the trial court the following day. The Defendant has filed an appeal with this court, alleging that his sentence is excessive. Based on a review of the record and the following analysis, we find the Defendant's claim to be without merit.

## FACTS

As set forth in the record, on June 23, 2006, a DeRidder police officer, Ronnie Picou, responding to a call of suspicious activity, encountered the Defendant outside his automobile. When Officer Picou came into the proximity of the Defendant, he noticed a strong odor of marijuana. Officer Picou then questioned the Defendant as to whether or not he had been smoking marijuana. The Defendant replied, "Yes." Officer Picou then proceeded to look into the Defendant's automobile where he noticed a white napkin with something wrapped up inside. Thereafter, Officer Picou questioned the Defendant about the contents of the napkin, and the Defendant admitted that there was marijuana wrapped inside the napkin.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we note there is

1

one error patent.

As a condition of probation, the trial court ordered the Defendant to pay a $1,000.00 fine, plus costs and fees, pursuant to a payment plan set forth by the Defendant's probation officer, with the payment being not less than $100.00 per month until paid. Additionally, the court ordered the Defendant to pay a $40.00 reimbursement fee to the Indigent Defender Board in accordance with the payment plan set forth by the probation officer.

In *State v. Stevens*, 06-818, p. 3 (La.App. 3 Cir. 1/31/07), 949 So.2d 597, 599-600, this court stated:

> [W]e find nothing in the statute which prohibits the trial court from seeking assistance from outside sources, including Probation and Parole, in formulating the appropriate payment plan. In fact, Probation and Parole may be in a better position to formulate a workable payment schedule than is the trial court. In taking advantage of this assistance, the trial court in no way cedes its responsibility to impose the payment plan, and it only becomes effective upon approval of the trial court. . . .
>
> Therefore, we find no error in the trial court's ruling as to the payment of fines and court costs. However, the trial court ordered Defendant to pay the restitution "over the duration of the supervised probation" and to reimburse the Indigent Defender Board "over the 48 months of supervised probation." These provisions are inadequate in that they do not either provide the monthly payment schedule with which the Defendant is to comply or provide for a payment plan to be formulated by Probation and Parole and approved by the trial court. Accordingly, we remand the case to the trial court with the instruction that the court impose a payment plan for restitution and for payment of [sic] the Indigent Defender Board which comply with the requirements of La.Code Crim.P. art. 895.1(A) and this opinion. We reiterate that either or both of these plans may be determined by the trial court or formulated by Probation and Parole and approved by the trial court.

Likewise, in the present case, we find the payment plan imposed by the trial court to be inadequate in that it does not provide a monthly payment plan nor does it

provide for a payment plan to be formulated by Probation and Parole[1] *and approved by the trial court. See also, State v. Van Winkle*, 06-1636 (La.App. 3 Cir. 6/6/07), 964 So.2d 400. Accordingly, we remand this case to the trial court with the instruction that the trial court either establish a payment plan for the fine, costs, and fees, or allow Probation and Parole to do so, *subject to court approval.*

**ASSIGNMENT OF ERROR NO. 1:**

In his first assignment of error, the Defendant alleges the following:

The [s]entence imposed is [c]onstitutionally [e]xcessive because the imposition of jail lockup for a person who has a marijuana habit does not contribute to any goal of rehabilitation or corrective treatment. The [s]entence does not provide any treatment component because Louisiana's Department of Corrections is unable to fund a reasonable treatment program. Further, the amount of marijuana found in this case does not support a four year hard labor sentence.

As the Defendant only alleges that his sentence is excessive, we will evaluate his claim as a bare claim of excessiveness.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

La. Const. art. 1, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v.*

---

[1]Probation and Parole is a division of the Louisiana Department of Public Safety and Corrections.

*Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

In the instant matter, the Defendant pled guilty to possession of marijuana in violation of La.R.S. 40:966(E)(2), second offense. The maximum sentence for possession of marijuana, second offense, is five years at hard labor and a fine of up to $2,000.00. La.R.S. 40:966(E)(2). In imposing its sentence, the court stated:

> You appear before this Court as a second-felony offender. You were previously convicted of cruelty to a juvenile and placed on probation. That probation was revoked for continuing drug use. You were later paroled which was also revoked due to drug violation.

> You have a long history of substance abuse and have had multiple positive drug screens while on probation, six times, and on parole five times. You failed to submit to and complete a [sic] substance abuse treatment while on probation.

> You have four prior misdemeanor [convictions]. One being possession of marijuana, and one being a battery [sic]. You have been

4

placed on probation a total of five times prior to your present conviction. Probation has not been an effective tool in changing your criminal behavior in the past.

I have serious doubts that it will in the future.

We find that the sentence imposed by the trial court is supported by the record and that it is not excessive. *See State v. Harlan,* 556 So.2d 256 (La.App. 2 Cir.), *writ denied*, 561 So.2d 115 (La.1990), where the court affirmed a three-year sentence for possession of marijuana, second offense conviction. In *Harlan*, the trial court noted that the defendant had a past marijuana possession conviction and, by his own admission, had been using marijuana for over twenty years. In affirming the trial court's sentence in *Harlan*, the appellate court stated that while the sentence was more severe than other sentences for the same offense, the record supported the sentence of the trial court and was not excessive, considering the defendant's past conduct. In the instant case, we note that while the Defendant was sentenced to four years at hard labor, the first two years were suspended; moreover, under La.R.S. 40:966(E)(2), the Defendant could have been sentenced to up to five years at hard labor. Based on the facts presented in the record, we do not find the Defendant's sentence excessive.

**ASSIGNMENT OF ERROR NO. 2:**

In a supplemental brief to this court, the Defendant alleges that his sentence is illegal because, at his plea hearing, the judge advised him that the maximum sentence that could be imposed for violating La.R.S. 40:966(E)(2), possession of marijuana, second offense, was two years. Defendant's allegation is without merit.

In *State v. Moore*, 93-1632, p. 3 (La.App. 3 Cir. 5/4/94), 640 So.2d 561, 563, *writ denied*, 94-1455 (La. 3/30/95), 651 So.2d 858, this court stated: "An illegal

5

sentence is one not 'authorized or directed by law.' *State v. Johnson*, 220 La. 64, 55 So.2d 782 (1951)." In *State v. Gedric*, 99-1213, p. 3 (La.App. 1 Cir. 6/3/99), 741 So.2d 849, 851-52, *writ denied*, 99-1830 (La. 11/5/99), 751 So.2d 239, the court explained:

> Only those claims relating to the legality of the sentence itself under the applicable sentencing statutes may be raised in a motion to correct an illegal sentence. *See State v. Parker*, 98-0256 (La. 5/8/98); 711 So.2d 694, 695; *State ex rel. Stepter v. Whitley*, 93-2346 (La. 10/13/95), 661 So.2d 480.

In the instant matter, the Defendant was sentenced to four years at hard labor with two years suspended, and two years to be served. The maximum sentence for violating La.R.S. 40:966(E)(2) is five years with or without hard labor and a $2,000.00 fine. The Defendant was sentenced within the range of the offense for which he pled guilty; thus, his sentence is not illegal.

In the conclusion of his supplemental brief to this court, the Defendant alleges that he based his decision to enter a guilty plea on the trial court's representation that the maximum sentence he would be exposed to was two years. Louisiana Code of Criminal Procedure Article 556.1(A)(1) states:

> A. In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
>
> (1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.

In the instant case, the trial court failed to comply with this provision. However, this court addressed that very issue in *State v. Lastrapes*, 99-83 (La.App. 3 Cir. 6/30/99), 743 So.2d 224, where, during the acceptance of a guilty plea, the trial court misstated the maximum penalty for the offense to which the defendant was

6

pleading guilty. In its ruling, the court stated:

> Due to this error, Defendant was not adequately informed of the mandatory minimum penalty or the maximum possible penalty, as required by La.Code Crim.P. art. 556.1(A)(1). This error was harmless. The requirement is statutory, rather than constitutional, and Defendant did not allege any misunderstanding as to the sentence he received. *State v. Longnon*, 98-551 (La.App. 3 Cir. 10/28/98); 720 So.2d 825.

*Id.* at 226.

A review of the sentencing transcript reveals that when the sentence was imposed, the Defendant failed to indicate to the trial court that there was a misunderstanding regarding his sentence such that he believed that the maximum sentence he would receive was not to exceed two years. As set forth in *Lastrapes*, the failure of the Defendant to allege a misunderstanding or protest in some manner when his sentence was imposed renders the trial court's misstatement of the maximum sentence during the plea hearing a harmless error.

## DISPOSITION

We remand the case to the trial court with the instruction that the trial court either establish a payment plan for the fine, costs, and fees, or allow Probation and Parole to do so, *subject to court approval.* In all other respects, the Defendant's sentence is affirmed.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**