NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 11-1173

STATE OF LOUISIANA

VERSUS

CHALON LANAY BENTON

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. CR-846-10-1
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and Billy Howard Ezell, Judges.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED WITH INSTRUCTIONS.**

**Edward John Marquet**
**Post Office Box 53733**
**Lafayette, LA 70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Chalon Lanay Benton**

**Michael Cade Cassidy**
**District Attorney**
**P. O. Box 1388**
**Jennings, LA 70546**
**(337) 824-1893**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **State of Louisiana**

**Mark Owen Foster**
**Louisiana Appellate Project**
**P. O. Box 2057**
**Natchitoches, LA 71457**
**(318) 572-5693**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Chalon Lanay Benton**

**EZELL, Judge.**

The Defendant, Chalon Lanay Davis, was charged by bill of information with possession of a controlled dangerous substance, schedule I (marijuana), weighing in excess of sixty pounds but less than two thousand pounds, a violation of La.R.S. 40:966(F). On March 9, 2011, pursuant to a plea agreement, the Defendant entered a plea of guilty to the reduced charge of possession of marijuana with intent to distribute.

The Defendant was sentenced on September 8, 2011, to serve five years at hard labor, suspended, and was placed on supervised probation for three years with the following special conditions: (1) Serve twenty months in the parish jail with credit for time previously served; (2) Pay a fine of $5,000, plus court costs; (3) Be assessed by a court-approved substance abuse facility and comply with any and all recommendations; (4) Submit to random drug screens at the Defendant's expense and at the probation officer's discretion; (5) Pay a supervision fee of $50 a month to the probation officer; (6) Pay $50 a month to the Drug Education & Treatment Fund; (7) Pay $250 to the Southwest Crime Lab; (8) Pay $100 to the District Attorney Reimbursement Fund; and, (9) Comply with any and all other conditions of probation as outlined in La.Code Crim.P. art. 895. The payment of all fines, fees, and court costs were ordered to be made in accordance with a payment schedule formed by the probation officer within the first thirty months of her probation. A motion to reconsider sentence was filed and denied by the trial court on September 12, 2011.

## FACTS

On October 24, 2010, the Defendant was operating a motor vehicle in Jefferson Davis Parish with one passenger, a co-defendant herein. She was

stopped for a traffic violation, and after obtaining conflicting stories from the Defendant and co-defendant, the officer requested permission to search the vehicle. The Defendant consented to a search of the vehicle, and four duffle bags containing marijuana were found in the truck

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by for errors patent on the face of the record. After reviewing the record, we find there is one error patent.

As conditions of the Defendant's probation, the trial court imposed a $5,000 fine, court costs, $50 to the Drug Education and Treatment Fund, $250 to the Southwest Crime Lab, and $100 to the District Attorney Reimbursement Fund. The payment of "all fines, fees, and court costs" is to be made in accordance with a payment "schedule to be formed by [the Defendant's] probation officer within the first thirty (30) months of [the Defendant's] probation." Allowing the probation officer to prepare a payment plan has been found by this court to be permissible, but the plan must be approved by the trial court:

In *State v. Stevens*, 06-818, p. 3 (La.App. 3 Cir. 1/31/07), 949 So.2d 597, 599-600, this court stated:

> [W]e find nothing in the statute which prohibits the trial court from seeking assistance from outside sources, including Probation and Parole, in formulating the appropriate payment plan. In fact, Probation and Parole may be in a better position to formulate a workable payment schedule than is the trial court. In taking advantage of this assistance, the trial court in no way cedes its responsibility to impose the payment plan, and it only becomes effective upon approval of the trial court. . . .
>
> Therefore, we find no error in the trial court's ruling as to the payment of fines and court costs. However, the trial court ordered Defendant to pay the restitution "over the duration of the supervised probation" and to reimburse the Indigent Defender Board "over the 48 months of supervised probation." These provisions are inadequate in

2

that they do not either provide the monthly payment schedule with which the Defendant is to comply or provide for a payment plan to be formulated by Probation and Parole and approved by the trial court. Accordingly, we remand the case to the trial court with the instruction that the court impose a payment plan for restitution and for payment of [sic] the Indigent Defender Board which comply with the requirements of La.Code Crim.P. art. 895.1(A) and this opinion. We reiterate that either or both of these plans may be determined by the trial court or formulated by Probation and Parole and approved by the trial court.

In the present case, this court finds the payment plan imposed by the trial court was inadequate in that it did not provide a monthly payment plan and it provided that a payment plan be formulated by Probation and Parole but without mention of approval by the trial court. *State v. Mayes,* 07-1500 (La.App. 3 Cir. 4/30/08), 982 So.2d 265, *writ denied*, 08-1175 (La. 2/6/09), 999 So.2d 768. Accordingly, this case is remanded to the trial court to either establish a payment plan for the fine, costs, and fees or allow Probation and Parole to do so subject to court approval.

## *ANDERS* ANALYSIS

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), the Defendant's appellate counsel has filed a brief stating that after a review of the trial court record, he could find no procedural or structural errors to raise in this appeal. Accordingly, appellate counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was

3

properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under [La.Code Crim.P.] art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Id.* at 531.

Pursuant to *Anders* and *Benjamin*, this court has performed an independent, thorough review of the record, including pleadings, minute entries, the bill of information, and the transcripts. The Defendant was properly charged by a bill of information and was present and represented by counsel at all crucial stages of the proceedings. The Defendant pled guilty to the reduced charge of possession of marijuana with intent to distribute, and she received a legal sentence, the minimum possible sentence of five years at hard labor, suspended. La.R.S. 40:966(B)(3). As a condition of probation, the Defendant was ordered to serve twenty months in the parish jail. Also, the Defendant's $5,000 fine was substantially less than the maximum possible fine of $50,000. There are no rulings which arguably support an appeal. Accordingly, Defendant's conviction and sentence are affirmed.

## CONCLUSION

Defendant's conviction and sentence are affirmed. This case is remanded to the trial court with the instruction that the trial court either establish a payment plan for the fine, costs, and fees, or allow Probation and Parole to do so subject to court approval. Appellate counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.

11-1173

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

Plaintiff/Appellee

VERSUS

CHALON LANAY BENTON

Defendant/Appellant

**On Appeal from the Thirty-First Judicial District Court, Docket Number CR-846-10-1, Parish of Jefferson Davis, State of Louisiana, Honorable Steve Gunnell, Judge.**

## O R D E R

After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter;

IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this _____ day of _____, 2012.

COURT OF APPEAL, THIRD CIRCUIT

_____
Judge John D. Saunders

_____
Judge Marc T. Amy

_____
Judge Billy H. Ezell