STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1636

STATE OF LOUISIANA

VERSUS

EVA J. VAN WINKLE

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-1080-05
HONORABLE STUART S. KAY, JR., DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Elizabeth A. Pickett, Judges.

SENTENCE VACATED. REMANDED FOR RESENTENCING.

David W. Burton
District Attorney - 36th Judicial District Court
James R. Lestage
Assistant District Attorney - 36th Judicial District Court
P. O. Box 99
DeRidder, LA 70634
Telephone: (337) 463-5578
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

Mark Owen Foster
Louisiana Appellate Project
P. O. Box 2057
Natchitoches, LA 71457
COUNSEL FOR:
    Defendant/Appellant - Eva J. Van Winkle

**THIBODEAUX, Chief Judge.**

The Defendant, Eva J. Van Winkle, pled guilty to possession of marijuana, second offense, and D.W.I., second offense. She was sentenced to serve sixty months at hard labor, with forty-two months suspended, on the marijuana conviction and placed on supervised probation for three years. The Defendant was sentenced to a concurrent 180 days in the parish jail on the D.W.I., second offense.

Mrs. Van Winkle appeals her sentence for the marijuana conviction on the basis of excessiveness. Because the sentence is indeterminate, we vacate the sentence and remand for resentencing.

## LAW AND DISCUSSION

The Defendant received an indeterminate sentence. She was sentenced to serve sixty months in the Louisiana Department of Corrections with forty-two months suspended. The Defendant was placed on three years supervised probation subject to various conditions. For D.W.I., second offense, the Defendant was sentenced to serve one hundred eighty days in the parish jail. The court ordered that these two sentences run concurrently with one another, but consecutively to any other sentence previously imposed.

In imposing the conditions of the Defendant's probation, the trial judge stated, "You are to pay *an aggregate fine* of $1,500 plus costs and fees *on both offenses of conviction. . . .*" The Defendant faced a fine of not more than $2,000.00 for possession of marijuana, second offense, and a fine of not less than $750.00 nor more than $1,000.00 for D.W.I., second offense. Considering the judge's statement that the fine was "an aggregate fine . . . on both offenses," it appears the judge was actually imposing a fine on each of the two offenses, the total of which was $1,500.00. This rendered the sentence for possession of marijuana, second offense,

indeterminate in that the judge failed to specify the amount of the fine imposed as a condition of probation for this offense. Thus, we vacate the Defendant's sentence for possession of marijuana, second offense, and remand the case for resentencing with instructions that the trial court specify the amount of the fine imposed as a condition of probation.

We note that the trial court ordered that the aggregate fine, costs and fees be paid "on a pay plan set by your probation officer which shall involve payments of not less than $100 per month until satisfied." Recently, in *State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597, this court approved of the trial court's order that the payment plan for the repayment of the fine and court costs be worked out by the Office of Probation and Parole and approved by the court. Specifically, this court stated:

> [W]e find nothing in the statute which prohibits the trial court from seeking assistance from outside sources, including Probation and Parole, in formulating the appropriate payment plan. In fact, Probation and Parole may be in a better position to formulate a workable payment schedule than is the trial court. In taking advantage of this assistance, the trial court in no way cedes its responsibility to impose the payment plan, and it only becomes effective upon approval of the trial court.

*Id.* at 599-600.

The *Stevens* decision overruled prior jurisprudence which had required the payment plan to be established by the trial court. However, *Stevens* did not address the issue presented by this case, i.e., whether it is acceptable for the trial court to delegate the establishment of the payment plan to the Office of Probation and Parole without requiring approval by the court. We conclude that it is not. *Stevens* requires a *court-approved* pay plan.

2

The Defendant contends the sentences imposed by the trial court are excessive. First, the only sentence before this court for review is the sentence imposed under docket number CR-1080-2005 for possession of marijuana, second offense. Additionally, the Defendant challenged her sentence for D.W.I., second offense, in a writ application which was recently denied by this court. *State v. Van Winkle*, an unpublished writ bearing docket number 07-17 (La.App. 3 Cir. 1/29/07).

Discussion of the Defendant's contention that her sentence for possession of marijuana, second offense, is excessive is pretermitted by our decision to vacate her sentence and remand for resentencing.

## CONCLUSION

The Defendant's sentence for possession of marijuana, second offense, is vacated and the case is remanded for resentencing.

**SENTENCE VACATED. REMANDED FOR RESENTENCING.**