DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-717

STATE OF LOUISIANA

VERSUS

R. D.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 4205-05
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter, Judges.

**CONVICTIONS AFFIRMED; SENTENCE VACATED; AND REMANDED FOR RE-SENTENCING.**


**James E. Burks**
**3112 Enterprise Blvd.**
**Lake Charles, LA 70601**
**Counsel for Defendant-Appellant:**
    **R. D.**

**John F. Derosier**
**District Attorney**
**Carla S. Sigler**
**Assistant District Attorney**
**1020 Ryan St.**
**Lake Charles, LA 70601**
**Counsel for Appellee:**
    **State of Louisiana**

PAINTER, Judge.

Defendant, R. D., [1] appeals his conviction for molestation of a juvenile and two counts of sexual battery. For the following reasons, we affirm, vacate the sentence imposed in connection with the charge of sexual battery, and remand for re-sentencing on that offense.

## FACTS AND PROCEDURAL HISTORY

Between January 1, 2000 and January 1, 2004, Defendant forced the victim, his minor stepdaughter, to engage in various sexual activities, including fondling, kissing, oral sex, and digital penetration of the victim's anus.

On February 10, 2005, Defendant was charged with molestation of juvenile, a violation of La.R.S. 14:81.2, and with two counts of sexual battery, violations of La.R.S. 14:43.1. Following a trial by jury held on December 4-7, 2007, Defendant was found guilty as charged.

Defendant was sentenced on January 16, 2008. In connection with the conviction of molestation of a juvenile, Defendant was sentenced to ten years at hard labor, the first five years suspended, and the trial court ordered five years of supervised probation upon Defendant's release from jail. General conditions for probation as set forth in La.Code Crim.P. art. 895 were ordered, as well as the following special conditions: 1) pay $50.00 per month for a supervision fee and $5.50 per month for technology registration fee; 2) submit to psychological evaluation and successfully complete recommendations for sex offender treatment; 3) remain drug and alcohol free and stay out of bars and away from any illicit drugs and substance abusers; 4) submit to electronic monitoring or home incarceration as required by

---

[1]Initials are used herein in compliance with La.R.S. 46:1844(W).

probation officer; 5) have no contact with any minor children; 6) register as a sex offender; 7) conform with the elements of supervised release; and 8) have no contact with the victim.

The court sentenced Defendant to serve five years at hard labor, without benefit of probation, parole, or suspension of sentence on each count of sexual battery. The sentences were ordered to run concurrently with each other and concurrently with the sentence for molestation of a juvenile.

Defendant did not file a motion to reconsider his sentences. He is now before this court on appeal, asserting that the evidence at trial was insufficient to sustain the convictions. Additionally, Defendant asserts that the trial court erred in not allowing him to question the victim regarding her sexual activities with her boyfriend, C.G. Lastly, Defendant alleges that the trial court erred in denying his Motion for Judgment of Acquittal.

## DISCUSSION

*Error Patent*

As required by La.Code Crim.P. art 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find an error patent that requires us to vacate Defendant's sentence for molestation of a juvenile and to remand for resentencing.

For the offense of molestation of a juvenile, the trial court sentenced Defendant to serve ten years with the Department of Corrections, with five years suspended. The trial court put Defendant on supervised probation for five years, and, as a condition of probation, required that Defendant be "subject to electronic monitoring

2

or home incarceration by Probation & Parole at their discretion . . . depending on the circumstances at the time."

We find no authority prohibiting the imposition of either home incarceration or electronic monitoring as conditions of probation. "The specific conditions of probation enumerated in Article 895 are not exclusive. *See* Official Revision Comment (a). The sentencing judge is granted general authority to "impose any specific conditions reasonably related to . . . rehabilitation." *State v. Rugon*, 355 So.2d 876, 878 (La.1977). Also, La.Code Crim.P. art. 894.2 allows home incarceration in lieu of imprisonment for not more than two years under certain circumstances. La.Code Crim.P. art 895 allows courts to require service of a term of imprisonment of not more than two years without hard labor as a condition of probation.

As for electronic monitoring, La.Code Crim.P. art 894.2 allows a court to impose electronic monitoring as a condition of home incarceration. The current version of La.R.S. 14:81.2 regarding molestation of a juvenile requires electronic monitoring for life after an offender has completed his or her term of imprisonment when the victim is under the age of thirteen years. Although we are aware of no statutory authority explicitly granting a court authority to impose home incarceration and/or electronic as a condition of probation, it has not been recognized as error patent. Additionally, we are aware of no authority expressly denying a trial court authority to impose such conditions.

However, the failure of the trial court to specify whether Defendant would be subject to electronic monitoring or home incarceration, or both, rendered Defendant's sentence indeterminate and, therefore, illegal.

3

This court requires re-sentencing when the indeterminacy involves probation. *See State v. Williamson*, 04-1440 (La.App. 3 Cir. 3/2/05), 896 So.2d 302; *State v. Van Winkle,* 06-1636 (La.App. 3 Cir. 6/6/07), 964 So.2d 400.

Therefore, we vacate Defendant's sentence for molestation of a juvenile and remand the case to the trial court with instructions that it specify whether, as a condition of probation, Defendant will be subject to electronic monitoring, home incarceration, or both. Additionally, the trial court is ordered to specify the condiditons of the home incarceration. If electronic monitoring is imposed and any conditions are required, the trial court should specify those as well. *See State v. Breaux,* 05-358 (La.App. 5 Cir. 12/27/05), 920 So.2d 274

*Sufficiency of the Evidence*

Defendant argues that the evidence presented at trial was insufficient to support the conviction because the sole evidence was the testimony of the alleged victim. More specifically, Defendant contends that the victim's testimony is riddled with inconsistencies rendering it "unreliable, untrustworthy, and incredible." Further, Defendant asserts that the prosecution failed to prove beyond a reasonable doubt that he committed the offenses.

The analysis for a claim of insufficient evidence is well settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of

review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

Louisiana Revised Statutes 14:81.2(A) defines molestation of a juvenile as "the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile."  In *State v. Cloud,* 06-877, p. 9 (La.App. 3 Cir. 12/13/06), 946 So.2d 265, 272, *writ denied*, 07-86 (La. 9/21/07), 964 So.2d 331, (citing *State v. Rollins*, 581 So.2d 379, 382 (La.App. 4 Cir. 1991)), this court defined a lewd or lascivious act as  "one which tends to excite lust and to deprave the morals with respect to sexual relations and which is obscene, indecent, and related to sexual impurity or incontinence carried on in a wanton manner."

Sexual battery is defined by La.R.S. 14:43.1, as follows:

A.  Sexual battery is the intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:

(1)  The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or

(2)  The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.

5

In *State v. Rideaux*, 05-446, p. 2 (La.App. 3 Cir. 11/2/05), 916 So.2d 488, 491, this court followed the ruling in *State v. Roca*, 03-1076, pp. 11-12 (La.App. 5 Cir. 1/13/04), 866 So.2d 867, 874, *writ denied*, 04-583 (La. 7/2/04), 877 So.2d 143, which stated that "in the absence of contradiction or irreconcilable conflict with physical evidence . . . the testimony of the victim alone can be sufficient to establish the elements of a sexual offense, even where the State does not introduce medical, scientific or physical evidence to prove the offense." Therefore, the State did not need to introduce any evidence other than the testimony of the victim to establish the elements of the offense.

At trial, the victim explained that when Defendant began touching her inappropriately, she did not understand what was happening. She said that Defendant would do things that were not normal, but she tried to pass it off as normal until she couldn't anymore.

She testified that Defendant began coming into her room very late at night and would feel her body through the covers while she was lying in bed. Defendant progressed to acts such as oral sex. He bribed her with money to do things like raise her shirt. He made her give him oral sex and performed oral sex on her, when she was in ninth grade. On one occasion, he put his finger into her anus. She further testified that she was forced to watch, read, and listen to explicit sexual material on Defendant's computer, including an article about a study which found that it was good for a woman's complexion to swallow semen.

The victim testified that she did not want to participate in these acts but thought she had to if she wanted to live there. She stated that Defendant would pull her hair and force her if she did not do what he wanted. She testified that he told her not to

6

report his actions and said that no one would believe her. Because he treated her well in front of other people, she thought no one would ever think he was capable of molesting her. She further stated that she did not report his actions because she was afraid of what would happen. She wanted her half-sister to have a home with a mother and father, she was afraid of being taken from her mother, and she did not want her mother to lose her home.

On appeal, Defendant alleges that the victim's testimony alone is not sufficient in the instant case because of contradictions between the testimony of Sam Armer, a licensed clinical social worker, and the testimony of the victim and her mother. Defendant maintains that the victim did not show any of the likely responses to sexual abuse that were described by Ms. Armer, in that she did not miss school, use drugs or alcohol, run away from home, become aggressive or withdrawn, or have a drop in grades.

At trial, Ms. Armer testified that there are some common behaviors seen in victims of child molesters. However, she stated that a variety of responses are possible. She noted that teens often become clinically depressed and react to trauma and depression by acting out sexually with their peers or becoming more sexually active, running away, and using drugs or alcohol at an earlier than usual age. Ms. Armer testified that the most common indicators of sexual molestation in teens are anger and rebellion, including verbal altercations and outbursts in the home.

An examination of the record reveals multiple instances of verbal and physical altercation and outbursts in the home, rebellious behavior with her mother and Defendant, and sexual activity with her boyfriend. Although the victim's grades showed inconsistent ups and downs in the various grading periods, there is no distinct

pattern. However, it was not Ms. Armor's testimony that a molested child's grades always decline.

Defendant asserts that the victim's claims regarding being forced to watch, read, and look at pornographic material is not supported by the evidence found on his computer. The examination of his computer showed only a small amount of pornography and no articles such as she described. However, this absence of physical evidence does not contradict or discredit the victim's testimony.

Defendant next points to alleged inconsistencies between the testimonies of the victim and her mother with regard to such things as allowances and family bed times. While small discrepancies exist in the testimony of victim and her mother, they are not relevant to the allegations of sexual abuse.

Defendant further suggests that the victim is not credible because she lied to her boyfriend about her age. The boyfriend testified that she lied to him about her age at first and then later told the truth. The jury heard this testimony and concluded that her testimony was credible. That determination should not be disturbed absent manifest error.

The testimony of the victim contains evidence of all the elements of molestation of a juvenile and of sexual battery. With regard to molestation of a juvenile, the record reflects that Defendant was in his late thirties to early forties when the offenses occurred and that the victim was twelve to fifteen years old. Defendant committed several lewd and lascivious acts on the victim with the intention of arousing or gratifying his sexual desires. Defendant used force on the victim and used his position of control or supervision as the victim's step-father. With regard to sexual battery, the record supports the contention that on more than

8

one occasion, Defendant intentionally touched the victim's anus and/or genitals or had the victim touch his genitals without the victim's consent. The evidence was sufficient to support Defendant's convictions.

*Motion for Judgment of Acquittal*

Defendant further argues that the trial court erred in not granting his motion for judgment of acquittal based on the assertion that the evidence was insufficient to support his convictions. Having found that the evidence presented at trial was sufficient to affirm Defendant's convictions, we find that the trial court properly denied Defendant's motions.

*Evidence of the Victim's Past Sexual Conduct*

Defendant argues that the trial court erred in refusing to allow the defense to question the victim regarding sexual activities with her boyfriend at the time the offenses were reported. Defendant asserts that he wanted to show that the victim reported that he had molested her because she was angry with him because he confronted her boyfriend about his relationship with the victim. He further contends that the victim made the allegations of molestation because he made her break up with her boyfriend. However, Defendant was not prohibited from asking questions concerning his own involvement in the victim's breakup with her boyfriend, which might have led her to make claims of molestation in retaliation. This defense strategy could have been presented without inquiry into the sexual relationship between the victim and her boyfriend.

When asked by defense counsel what she meant when she said that at a certain point her relationship with her boyfriend became more than friendship, the victim responded by saying that they had sex. The State objected based on La.Code Evid.

9

art. 412 which limits use of a victim's past sexual behavior in sexual assault cases to cases involving a question of consent to the behavior or where there is a question as to whether the accused is the source of semen or injury. The trial court concluded that it did not need to admonish the jury with regard to the question or answer because defense counsel did not ask the victim about her sexual activities with her boyfriend. However, the court did not believe that the victim's answer opened the door to further questioning about her past sexual history.

We agree with the trial court that the question was not a violation of La.Code Evid. art. 412, because it was not an inquiry into the victim's past sexual activity. We further agree that her answer did not open the door to inquiry into her past sexual history as that would be a violation of Article 412.

We find no error in the trial court's ruling.

### CONCLUSION

Defendant's convictions are affirmed. However, his sentence for molestation of a juvenile is vacated and the case is remanded to the trial court with instructions that it specify whether, as a condition of probation, Defendant will be subject to electronic monitoring, home incarceration, or both. Additionally, the trial court is ordered to specify the conditions of the home incarceration. If electronic monitoring is imposed and any conditions are required, the trial court should specify those as well.

**CONVICTIONS AFFIRMED; SENTENCE VACATED; AND REMANDED FOR RE-SENTENCING.**