BROWN, Chief Judge.
 

 11A bill of information charged that on December 16, 2007, defendant, Joseph Montelbano, possessed a Schedule II controlled dangerous substance, namely methadone, a violation of La. R.S. 40:967(C). On June 24, 2008, defendant pled guilty as charged, and on September 30, 2008, the court sentenced defendant to four years imprisonment at hard labor. The maximum sentence for this offense was five years with or without hard labor. Defendant now appeals, urging that his sentence is excessive. For the reasons set forth below, defendant’s conviction and sentence are affirmed.
 

 Discussion
 

 According to defendant, his history of substance abuse and relatively young age (23 years) weigh in favor of a sentence aimed at rehabilitation.
 

 The facts of this case show that defendant is a relatively youthful offender who was charged by bill of information and pled guilty to possession of one methadone pill. On December 16, 2007, an ambulance was called to defendant’s residence in Bossier Parish. When medics arrived, they found that a four-month-old infant at the home had died. Sheriffs deputies were dispatched to the scene and discovered marijuana and associated paraphernalia; others at the scene said that defendant had supplied them with marijuana. When asked by a deputy if he had any other substances in the house, defendant produced a metal box containing a Lortab pill and a Methadone pill. Deputies arrested defendant and charged him with two counts of possession of drugs in the presence of a juvenile, possession of Schedule I, II, and III drugs, three counts of distribution of Schedule I drugs, six counts of possession of drug paraphernalia and, finally, with keeping a [ gdisorderly place. In return for his guilty plea, these other charges were dropped.
 

 Defendant is a second felony offender. His prior felony conviction was for cruelty to a juvenile. Defendant also has a history of violent behavior or threats of violence toward those around him, including violence against women (both his mother and his girlfriend). Thus, defendant’s record does not reveal simply a history of substance abuse; rather it shows a pattern of involvement in crimes against persons and threats of crimes against persons.
 

 Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Germany,
 
 43,239 (La.App.2d Cir.04/30/08), 981 So.2d
 
 *1229
 
 792;
 
 State v. Black,
 
 28,100 (La.App.2d Cir.02/28/96), 669 So.2d 667,
 
 writ denied,
 
 96-0836 (La.09/20/96), 679 So.2d 430.
 

 Given defendant’s prior criminal record and the benefit he received in the plea agreement, the four-year sentence is not excessive by constitutional standards.
 
 See State v. Smith,
 
 01-2574 (La.01/14/03), 839 So.2d 1;
 
 State v. Weaver,
 
 01-0467 (La.01/15/02), 805 So.2d 166;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993).
 

 Conclusion
 

 For the foregoing reasons, defendant’s conviction and sentence are affirmed.