STEWART, J.
 

 |, Defendant, Michelle Martorana, seeks review of the sentence imposed for her conviction of attempted second degree murder pursuant to La. R.S. 14:27 and 14:30.1. The trial court imposed a sentence of 48 years at hard labor to be served without the benefit of parole, probation or suspension of sentence. Martorana now appeals, claiming that her sentence is excessive. Finding no error, we affirm the trial court’s decision.
 

 FACTS
 

 On September 15, 2007, Martorana called 911 to report that her 17-day-old infant daughter had choked on baby formula and was not breathing. When paramedics and sheriff deputies arrived, they found the infant not breathing and without a pulse. The child was transported to Christus Schumpert Sutton’s Children’s Hospital, where a further examination of the child revealed that she had suffered a fractured skull and two fractures to one of her forearms. While the infant was being kept alive on a ventilator, a neurologic test for brain activity reported that the child’s brain activity was consistent with brain death.
 

 On September 17, 2007, deputies from the Bossier Sheriffs Office interviewed Martorana after advising her of her
 
 Miranda
 
 rights and after her waiver of those rights. During the interview, Martorana admitted that two days prior she had been home with her newborn daughter who would not stop crying. Claiming that she
 
 *951
 
 was unable to soothe the crying infant, Martorana got upset and frustrated with her child and threw her across the room onto a sofa bed. The baby bounced off of the sofa bed and onto the floor, hitting her head. Martorana, who stated that she was still angry, then | ¿jerked the child off the floor by one of her arms and felt the child’s arm break. She then tried to feed the infant and realized she was not breathing. She called 911 when her attempts to resuscitate the child failed. After the interview, Martorana was arrested on charges of second degree cruelty to a juvenile and second degree battery.
 

 On September 19, 2007, Martorana’s infant daughter died while still on life support. Her body was transported to Little Rock, Arkansas for an autopsy the next day. The medical examiner, Dr. Peretti, contacted the Bossier Parish Sheriffs office and related that the baby had a massive skull fracture resulting from blunt force trauma and that her arm was broken in two places.
 

 On October 16, 2007, the grand jury returned a bill of indictment charging the defendant with first degree murder. A sanity commission consisting of Dr. George Seiden and Dr. Mark Vigen was appointed at the request of Martorana. The commission unanimously reported that Martorana was competent to stand trial and that she would have been able to distinguish right from wrong at the time of the instant offense.
 

 On December 19, 2008, Martorana pled guilty to the reduced charge of attempted second degree murder, a violation of La. R.S. 14:27 and 14:30.1, with the benefit of a pre-sentence investigation. After the court informed her of all the applicable constitutional rights and ensured that she knowingly and intelligently waived those rights, the state supplied the factual basis for the plea largely consisting of her confession as to her conduct. Additionally, the state added that Dr. Peretti opined that the [..¡massive skull fracture suffered by the child had to be the result of blunt force trauma such as being slammed against a solid object or stepping on the skull. Dr. Peretti did not believe the injuries could be explained by the events recounted by the defendant. When she was asked again whether she admitted to the described conduct, the defendant answered affirmatively, and responded “guilty” when asked how she wished to plead to the amended charge. The court then ordered a pre-sentence investigation.
 

 On March 3, 2009, the court sentenced the defendant to 48 years at hard labor to be served without the benefit of parole, probation or suspension of sentence. No motion to reconsider sentence was filed. Defendant now appeals.
 

 LAW AND DISCUSSION
 

 In her sole assignment of error, Martorana argues that the sentence imposed by the trial court was excessive based on her social and criminal history and as it compares to the sentences of others for similar convictions. As we stated above, she failed to file a motion to reconsider sentence.
 

 When a defendant fails to timely file a La. C. Cr. P. art. 881.1 motion to reconsider sentence, the appellate court’s review is limited to the bare claim that the sentence is constitutionally excessive.
 
 State v. Jones,
 
 41,449 (La.App. 2d Cir.9/20/06), 940 So.2d 61;
 
 State v. Duncan,
 
 30,453 (La.App. 2d Cir.2/25/98), 707 So.2d 164. The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment.
 
 State v. Kennedy,
 
 42,850 (La.App. 2d Cir. 1/9/08), 974 So.2d 203. Constitutional re
 
 *952
 
 view turns upon |4whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice.
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Livingston,
 
 39,390 (La.App. 2d Cir. 4/6/05), 899 So.2d 733.
 

 A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980).
 

 Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Montelbano,
 
 44,405 (La.App. 2d Cir. 6/24/09), 15 So.3d 1227;
 
 State v. Germany,
 
 43,239 (La.App. 2d Cir.4/30/08), 981 So.2d 792;
 
 State v. Black,
 
 28,100 (La.App. 2d Cir.2/28/96), 669 So.2d 667,
 
 writ denied,
 
 96-0836 (La.9/20/96), 679 So.2d 430.
 

 Absent a showing of manifest abuse of discretion, this court will not set aside a sentence as excessive.
 
 State v. Williams,
 
 03-3514 (La.12/13/04), 893 So.2d 7. On review, the appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion.
 
 Id.
 

 The sentence for attempted second degree murder is imprisonment at hard labor for not less than 10 years, nor more than 50 years, without benefit | ¡¡of parole, probation or suspension of sentence. La. R.S. 14:30.1; La. R.S. 14:27(D)(l)(a).
 

 In the instant case, the trial court considered both the PSI and Dr. Vigen’s report and its recounting of Martorana’s unstable upbringing. She had a volatile relationship with her infant daughter’s father who was a physically abusive drug user. The court also noted her long-term struggle with mental health issues, which included bipolar disorder, attention-deficit/hyperactive disorder (ADHD), borderline mental retardation, depression, and anxiety attacks. After determining that these factors, along with her nonexistent criminal history, were mitigating factors, the trial court nevertheless sentenced her to the near maximum sentence of 48 years at hard labor without the benefit of probation, parole, or suspension of sentence. The trial court explained that any lesser sentence would deprecate the seriousness of her offense, in which an infant was killed, and that she had received a substantial benefit in pleading to a lesser offense. We agree with the trial court’s sentence.
 

 After reviewing the record to determine whether the sentence imposed is grossly out of proportion to the seriousness of the offense, we conclude that it is not. At the very least, the defendant inflicted skull fractures to her infant daughter by throwing her across a room onto a sofa and ultimately the floor before jerking her up and inflicting two fractures to her forearm. Dr. Peretti reported that the injury-causing trauma had to be more severe than that admitted to by the defendant. It is clear that Martorana’s conduct is not properly described by the offense of conviction.
 

 |fiThe trial court properly advised Marto-rana of the minimum and maximum sentences that she could receive, the sentencing range under her plea agreement, and her constitutional rights. She was represented by counsel, clearly expressed her understanding, and voluntarily entered her plea. The offense originally charged carried at least a mandatory life sentence and,
 
 *953
 
 therefore, the defendant received a substantial benefit as the result of her plea. The sentence imposed is not constitutionally excessive.
 

 CONCLUSION
 

 For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.