# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**15-148**


**STATE OF LOUISIANA**

**VERSUS**

**CEDRIC DANIELS**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 85718
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**DAVID KENT SAVOIE**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jimmie C. Peters, John E. Conery, and David Kent Savoie, Judges.


**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

**PETERS, J., concurs in part, and dissents in part, and assigns written reasons.**

**Hon. Asa Allen Skinner**
**District Attorney, Thirtieth Judicial Court**
**Terry W. Lambright**
**First Assistant District Attorney**
**P. O. Box 1188**
**Leesville, LA  71496-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA  70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Cedric Daniels**

**SAVOIE, Judge.**

On December 3, 2013, Defendant, Cedric Daniels, was charged by bill of information with possession of marijuana, second offense, in violation of La.R.S. 40:966(C) and (E); and possession of Oxycodone, in violation of La.R.S. 40:967(C)(2).

On August 28, 2014, Defendant pled guilty to both counts, as well as possession of marijuana, second offense, in trial court docket number 85,591. In exchange for Defendant's plea, the State dismissed the possession of marijuana charge in docket number 85,591 and dismissed docket number 85,719. Additionally, the State recommended that a pre-sentence investigation be performed and that all sentences run concurrently.

On November 19, 2014, Defendant was sentenced to two years at hard labor under docket number 85,591; two years at hard labor under count one of docket number 85,718; and four years at hard labor under count two of docket number 85,718. All three sentences were ordered to be run concurrently, and Defendant was given credit for time served.

On December 17, 2014, Defendant filed a pro se "Motion to Amend and Modify Sentence," which was followed on December 22, 2014, by a counsel-filed "Motion to Reconsider Sentence." Both motions were denied by the trial court.

Defendant then timely filed this appeal, claiming his two-year sentence for possession of marijuana, second offense; and his four-year sentence for possession of Oxycodone under trial court docket number 85,718 are excessive.[1]

## FACTS

---

[1] Defendant's appeal of the trial court's sentence in connection with trial court docket number 85,718 is addressed in *State of Louisiana v. Cedric Daniels*, 15-147 (La.App. 3 Cir. __/__/15), ___So.3d___.

The following factual basis was presented by the State at the time of Defendant's plea:

> In the other matter, Judge, -- in 85,718, on July the 16th of 2013, Officer Josh Foster of New Llano Police Department made contact with this defendant at Adolph's Grocery in New Llano in Vernon Parish. He had certain outstanding warrants for him at that time. During his apprehension, he was found to have in his possession at that time what was later confirmed by the crime lab to be marijuana as well as Schedule – some Schedule II narcotics and drug paraphernalia. Similar to the previous plea, he was charged in bill of information 85,718, count one, with possession of marijuana second offense based on the conviction just recited in S-1. I would offer a certified copy of that particular excerpt for the purpose of the basis of facts in 85,718. It's the same conviction. Also, we'd move likewise to orally amend the date of that first conviction as reflected in that exhibit which would also be S-1 in this offering – that the date is August the 15th of 2001. And, as I mentioned in reference to both of these counts, the crime lab reports shows that part of what was seized from him at that date was marijuana. Count two was found to be Oxycodone and we would offer all other discovery filed by the State of Louisiana in 85,718 also as our basis of facts.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## ASSIGNMENT OF ERROR

Defendant argues that all of his troubles relate to his drug addiction. He claims to have responded well to probation and treatment in the past; however, he also admits that, while on parole supervision following his prior incarceration for armed robbery, he was found in possession of marijuana. As noted by the trial court prior to sentencing, Defendant's arrest in docket number 85,591 occurred roughly two months after he completed his post-incarceration supervision. His subsequent arrest, which led to the charges in this docket number, occurred just two months later.

Louisiana Code of Criminal Procedure Article 881.1 provides the mechanism for preserving the review of a sentence on appeal:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
>
> . . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Louisiana courts have laid out the following guidelines with regard to excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
> > La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La.6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

Defendant pled guilty to possession of marijuana, second offense, which is punishable by a fine of "not less than two hundred fifty dollars, nor more than two thousand dollars, imprisonment with or without hard labor for not more than five years, or both." La.R.S. 40:966(E)(2)(a). Defendant was sentenced to two years, which represents a low- to mid-range sentence. Additionally, Defendant pled guilty to possession of Oxycodone, which is punishable by imprisonment with or without hard labor for not more than five years and a possible fine of not more than five thousand dollars. La.R.S. 40:967(C)(2).

At sentencing, the trial court stated that it had considered mitigating factors under La.Code Crim.P. art. 894.1, noting that Defendant was only thirty-three years old, was married with a young daughter, and only had a tenth-grade education. The court also noted that Defendant was a second felony offender, having previously served a ten-year sentence for armed robbery; that he was found

in possession of marijuana while under supervision following that incarceration; and that his arrest in the instant case came only four months after his release from supervision.

With respect to Defendant's two-year sentence for possession of marijuana, second offense, this court in *State v. Mayes*, 07-1500 (La.App. 3 Cir. 4/30/08), 982 So.2d 265, *writ denied*, 08-1175 (La. 2/6/09), 999 So.2d 768, upheld a sentence of four years at hard labor, with the first two years suspended, for possession of marijuana, second offense.

In regard to Defendant's four-year sentence for possession of Oxycodone, the second circuit in *State v. Montelbano*, 44,405 (La.App. 2 Cir. 6/24/09), 15 So.3d 1227, held that a sentence of four years imprisonment for possession of Methadone, another violation of La.R.S. 40:967(C)(2) was not excessive. In *Montelbano*, the defendant had a prior felony conviction for a crime of violence, namely cruelty to a juvenile. Additionally, multiple companion charges were dropped as part of the defendant's plea. Much like the defendant in *Montelbano*, Defendant has a prior felony conviction for a crime of violence, namely armed robbery, and benefitted from the dismissal of multiple charges against him, as well as having all of his sentences run concurrently.

"The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate." *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331. Taking into consideration this court's ruling in *Mayes* and the second circuit's ruling in *Montelbano*, Defendant's status as a second-felony offender, the fact that Defendant was arrested twice within four months of his release from supervision, and the trial

5

court's clear application of La.Code Crim.P. art. 894.1, we cannot say that the trial court abused its discretion in giving Defendant a sentence of two years at hard labor for possession of marijuana, second offense. Likewise, we cannot say the trial court abused its discretion in sentencing Defendant to four years at hard labor for possession of Oxycodone, particularly where Defendant's sentences were run concurrently to each and to his two-year sentence in trial court docket number 85,591.

## DECREE

Defendant's sentences are affirmed. In light of the defendant's drug problems, this case is remanded to the trial court with instructions to conduct a hearing on whether the defendant is a candidate for placement in a rehabilitation facility such as The Blue Walter Substance Abuse Treatment Program.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

STATE OF LOUISIANA

VERSUS

CEDRIC DANIELS

**PETERS, J., concurs in part and dissents in part and assigns reasons.**

I agree with the majority's affirmation of the defendant's sentences, but disagree with the order of remand to the trial court for a hearing to determine the defendant's eligibility for placement in a rehabilitation facility. I would simply affirm the sentence in all respects.

The defendant's only assignment of error on appeal is his assertion that his previous poor choices caused him to have a substance abuse problem and that this problem is the cause of all of his criminal activity. He does not seek treatment in conjunction with his sentences, but suggests he is a candidate for probation because he has responded to treatment in the past. As the majority points out, the record does not support this argument as, after being released on parole for a previous armed robbery conviction, he was found to be in possession of marijuana; and the matter before us arose just two months "after he completed his post-incarceration supervision."

The scope of appellate review of a sentence as it applies to this matter is found in La.Code Crim.P. art. 881.2(A)(1), which provides in pertinent part that "[t]he defendant may appeal or seek review of a sentence based on any ground asserted in a motion to reconsider sentence." In his *pro se* motion to modify his

sentence, the defendant requested only that the charges be reduced or that his sentences be reduced by fifty percent. In the motion to reconsider the sentences filed by his trial counsel, the defendant argued, without setting forth any specifics, that the sentences were excessive. The trial court rejected both of these motions, and the only issue before us is whether the sentences are excessive, not whether another sentence would be more appropriate.

Louisiana Code of Criminal Procedure Article 881.4 provides the parameters for remanding a sentencing matter to the trial court. As that Article applies to the matter before us, La.Code Crim.P. art. 881.4(A) provides that "[i]f the appellate court finds that a sentence must be set aside on any ground, the court shall remand for resentence by the trial court. The appellate court may give direction to the trial court concerning the proper sentence to impose." Additionally, La.Code Crim.P. art. 884.1(D) provides that "[t]he appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed."

The language of La.Code Crim.P. art. 881.4(A) requires a finding that a sentence should be set aside before a remand can be effected for a modification of the imposed sentence. However, in this case, the majority affirmed the sentences imposed by the trial court, specifically finding that the record supports those sentences. I would end the inquiry at that point and not remand for the trial court to consider relief the defendant has not requested.