# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-147


**STATE OF LOUISIANA**

**VERSUS**

**CEDRIC DANIELS**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 85591
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**DAVID KENT SAVOIE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, John E. Conery, and David Kent Savoie, Judges.


**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

**PETERS, J., concurs in part, and dissents in part, and assigns written reasons.**

**Hon. Asa Allen Skinner**
**District Attorney, Thirtieth District Court**
**Terry W. Lambright**
**First Assistant District Attorney**
**P. O. Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Cedric Daniels**

**SAVOIE, Judge.**

On November 5, 2013, Defendant Cedrick Daniels was charged by bill of information with possession of marijuana, in violation of La.R.S. 40:966(A)(1); and possession of marijuana, second offense, in violation of La.R.S. 40:966(C) & (E).

On August 28, 2014, Defendant pled guilty to possession of marijuana, second offense in connection with the instant matter. On that same date, he also pled guilty to possession of marijuana and possession of Oxycodone in connection with a separate matter bearing trial court docket number 85,718. In exchange for Defendant's plea, the State dismissed the possession of marijuana charge in connection with the instant matter, and also dismissed trial docket 85,719. Additionally, the State recommended that that a pre-sentence investigation be performed and that all sentences run concurrently.

On November 19, 2014, Defendant was sentenced to two years hard labor in connection with the instant matter. He was also sentenced to two years at hard labor in connection with count one of docket number 85,718 and four years at hard labor under count two of docket number 85,718. All three sentences were ordered run concurrently, and Defendant was given credit for time served.

On December 17, 2014, Defendant filed a pro se "Motion to Amend and Modify Sentence", which was followed on December 22, 2014, by a counsel-filed "Motion to Reconsider Sentence." Both motions were denied by the trial court.

Defendant timely filed the instant appeal, claiming the two-year sentence for possession of marijuana, second offense, under trial court docket number 85,591 is excessive.[1]

## FACTS

The following factual basis was presented by the State at the time of Defendant's plea:

> Your Honor, in 85,591, count two, it's contended by the State of Louisiana on or about May 15, 2013 in Vernon Parish, Louisiana on Louisiana Highway 171 South, a Bill Tyree along with Agent Ben Burwell initiated a traffic stop involving Mr. Daniels on an improper turn on Highway 171 South. At that time, during the course of their investigation and with his permission to search his vehicle and statements made by him at the scene, he was – had what was later confirmed by the crime lab to be marijuana that he had recently ingested as well as had in his possession in his vehicle. He was charged – and we would offer all other discovery proved by the State of Louisiana herein in that matter. He was charged as a second offender in that matter based on a previous conviction in this court and I would offer as State Exhibit Number One an excerpt from the minutes from Wednesday, August 15th, 2001 showing his plea to possession of marijuana first offense.

## ERRORS PATENT

In accordance with La.Code Crim.P art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## ASSIGNMENT OF ERROR

In Defendant's sole assignment of error, he alleges that his sentence is excessive. For the reasons set forth in *State of Louisiana v. Cedric Daniels*, 15-148 (La.App. 3 Cir. __/__/15), ___ So.3d ___, the judgment of the trial court is affirmed. In light of the defendant's drug problems, this case is remanded to the

---

[1] Defendant's appeal of the trial court's sentence in connection with trial court docket number 85,718 is addressed in *State of Louisiana v. Cedric Daniels*, 15-148 (La.App. 3 Cir. __/__/15), ___ So.3d ___.

2

trial court with instructions to conduct a hearing on whether the defendant is a candidate for placement in a rehabilitation facility such as The Blue Walter Substance Abuse Treatment Program.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

**STATE OF LOUISIANA**

**VERSUS**

**CEDRIC DANIELS**

**PETERS, J., concurs in part and dissents in part and assigns reasons.**

For the reasons set forth in my concurrence/dissent in *State v. Cedric Daniels*, 15-148 (La.App. 3 Cir. ___/___/___), ____ So.3d____, I agree with the majority's affirmation of the defendant's sentence, but disagree with the remand to the trial court for a hearing on whether the defendant is a candidate for placement in a rehabilitation facility.